# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>STEPHEN ANDREW STEPANIUK,<br><br>                    Defendant. | Case No. 19-cr-00946-BAS-1<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE**<br>**(ECF No. 58)** |

On September 4, 2020, in the midst of the COVID-19 pandemic, this Court sentenced Mr. Stepaniuk to 24 months in custody. (ECF Nos. 51, 53.) At the time, the defense argued the Court should vary downward largely because of Mr. Stepaniuk's medical condition. (ECF No. 42.) The Court agreed and sentenced Mr. Stepaniuk to almost half that recommended by both the Government and Probation. (ECF Nos. 21, 44.) Now Mr. Stepaniuk files a motion for compassionate release, again arguing that his sentence should be reduced because of his medical condition. (ECF No. 58 ("Motion").) The Government opposes (ECF No. 63 ("Opposition")), and Defendant replies (ECF No. 67). Because circumstances have not substantially changed since the Court originally sentenced Mr. Stepaniuk and because the Court already took the medical conditions mentioned in Mr. Stepaniuk's motion into

consideration at the time he was originally sentenced, the Court **DENIES** the Motion to Reduce Sentence. (ECF No. 58.)

I. BACKGROUND

Defendant Stepaniuk pled guilty to conspiracy to commit honest services mail fraud and health care fraud. (ECF No. 14.) Mr. Stepaniuk, a chiropractor, admitted to paying kickbacks and bribes to doctors for referring Functional Capacity Evaluations ("FCEs") to his companies, Safety Works and Medical Legal Evaluations, Inc. He agreed that he had submitted claims to various claims management and employee insurance companies in the amount of $1,058,400 for FCEs procured through the payment of bribes and kickbacks. (ECF No. 21 ("PSR") ¶¶ 9–20.)

There were additional allegations that Mr. Stepaniuk had directed one of his employees to shred evidence that would incriminate him and that he made efforts to influence witness testimony. (*Id.*) Finally, one of his employees claims that Mr. Stepaniuk continued to bill for FCEs while the charges were pending against him, using a new LLC that would then make payments back to him as "licensing fees." (*Id.*)

At sentencing, both the Government and Probation recommended 46 months in custody. (ECF Nos. 21, 44.) Although defense counsel agreed that Mr. Stepaniuk's guideline range was 46–57, he argued that Mr. Stepaniuk should receive a downward variance because of his medical condition. (ECF Nos. 42, 43.) Specifically, at sentencing defense argued that Mr. Stepaniuk's COPD, lung disease, and pulmonary sarcoidosis made him particularly vulnerable to COVID-19, and that time in prison would make him more likely to contract COVID-19.[1] (*Id.*)

The Court agreed that Mr. Stepaniuk's medical condition and his vulnerability to COVID-19 warranted a downward variance, but, given the seriousness of the

---

[1] At the time, vaccinations were not available to the public, nor was the efficacy assured of any vaccination that might be available in the future.

criminal conduct, the need for deterrence—both general and specific—and the need to avoid unwarranted disparities, a 24 month sentence was still warranted.

Mr. Stepaniuk was allowed to self-surrender to give him time to consult with medical professionals, and he did so on January 21, 2021. (ECF No. 56.) Five months later, he now brings a motion to reduce his sentence, arguing that his COPD, pulmonary sarcoidosis, chronic kidney disease, and obesity make him vulnerable to COVID-19. Mr. Stepaniuk also argues that he cannot be vaccinated against COVID-19 because he has a history of severe anaphylaxis allergic reactions to vaccine injections. He also claims he has been denied access to the medical care he needs at FCI Lompoc because he has not received his specialized medications, notably potassium pills, Omega-3 supplements, and a low-sodium diet; he has not received a nebulizer; and he has been denied access to his regular platelet blood transfusions and stem cell therapy. (Motion.)

Defense provides evidence that Mr. Stepaniuk submitted a request for compassionate release to the Warden at Lompoc on February 10, 2021. (Motion, Exh. 5.) This request was denied on February 19, 2021, and Mr. Stepaniuk was informed he could appeal the denial within 20 days. (Motion, Exh. 9.) There is no evidence that he filed any appeal.

## II. ANALYSIS

A court may, in certain circumstances, modify or reduce a defendant's term of imprisonment, after he has exhausted his administrative remedies, if "considering the factors set forth in [18 U.S.C.] section 3553(a)]" the Court finds, as relevant here, that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. *United States v. Holden*, 452 F. Supp. 3d 964, 966 (D. Or. 2020).

Section 3582 provides two alternative routes to exhaustion. In the first, a petitioner files a petition, which is acted on by the Warden and the petitioner proceeds to continue to fully exhaust his or her administrative remedies by appealing this refusal from the Warden. In the second, the Warden takes no action, 30 days lapse and, because of the Warden's failure to act, the petitioner may proceed without fully exhausting his or her administrative remedies. The Government may waive the exhaustion requirement by asking the court to consider the substantive merits of a defendant's motion. *Ng Lap Seng*, 459 F. Supp. 3d 527, 533 (S.D.N.Y. 2020).

Although it is unclear whether Mr. Stepaniuk has completely exhausted his administrative remedies, given that there is no proof that he appealed the Warden's denial of his request for compassionate release, the Court finds the Government has waived the exhaustion requirement.

However, Mr. Stepaniuk has failed to demonstrate that "extraordinary and compelling reasons" justify his release. At the time of his sentencing, the Court took into consideration the danger of COVID-19 and the fact that Mr. Stepaniuk's medical conditions made him more vulnerable should he contract the virus. Additionally, since there was no vaccination available, the Court did not consider that Mr. Stepaniuk might be vaccinated, so the fact that Mr. Stepaniuk is not eligible for a vaccine does not change the assessment the Court made at the time of sentencing. Finally, the Court does not find that the lack of potassium pills, Omega-3 supplements, a low-sodium diet, a specialized nebulizer, or platelet blood transfusions and stem cell therapy rises to the level of extraordinary and compelling reasons that justify release.

Furthermore, as the Court did at the time of sentencing, the Court finds that the Section 3553(a) factors justify the sentence imposed. The Court considered Mr. Stepaniuk's medical conditions at the time of his sentencing. The Court also found and finds today that given the seriousness of the criminal conduct, the need for

deterrence—both general and specific—and the need to avoid unwarranted disparities, a 24 month sentence is still sufficient but not greater than necessary.

## III. CONCLUSION

For the reasons stated above, the Court DENIES Defendant Stepaniuk's Motion to Reduce Sentence. (ECF No. 58).

**IT IS SO ORDERED.**

**DATED: July 6, 2021**

Hon. Cynthia Bashant
United States District Judge